## WHITE & al. *versus* SANDERS & al.

If one wrongfully sell the plaintiff's goods, the receipt of money from him
    by the plaintiff, on account of such goods, would not be a ratification of
    the sale, provided the plaintiff would have had a right, *without notifying*
    the sale, to receive the money.

EXCEPTIONS.    Trover for a lot of goods.

In 1848, the plaintiffs consigned the goods to one James
Getchell, with private verbal orders to sell at retail and for
cash only.    Before the delivery of the goods to him, Getchell
paid the plaintiffs $35 toward them, and promised $15 more,
but did not pay it.    He gave what was intended for security,
by an absolute deed of a store.    After retailing fifteen dollars
worth of the goods, he sold all the residue to the defendants,
at the invoice prices, taking in payment fifty dollars in cash,
a horse, wagon and harness, and the defendants' notes at six
and nine months for the balance.    He exhibited the plaintiffs'
invoice to the defendants, and receipted his bill of sale to de-

fendants, as agent for plaintiffs. After plaintiffs knew of the sale, they received of Getchell some store furniture, which they immediately sold, and also $13,55 in money, but whether it was a part of the $50 received of defendant, was not shown. The plaintiffs also received about $25 for the rent of the store.

At the time of purchasing, the defendants knew of the private instructions to Getchell to sell for cash only. This action was brought after a demand upon the defendants, of "the goods which they purchased of James Getchell."

SHEPLEY, C. J., presiding, instructed the jury that the demand was sufficient, if they were satisfied that defendants purchased the goods of Getchell, and took a bill of them.

The counsel for the defendants requested the Judge to instruct the jury, that if they believed that plaintiffs, since their knowledge of the sale to defendants, had accepted money, property, or security from the agent on account of the goods sold, this might be regarded as a ratification of the sale to defendants, notwithstanding the agent exceeded his authority in making it.

The Judge declined giving said instructions, but did instruct the jury that, if the plaintiffs received of Getchell, after he sold the goods to the defendant, money, or other property, which they would not be entitled to receive unless the sale was regarded as valid, the sale would thereby be ratified; but if they would be entitled to receive the same from Getchell, if the sale were regarded as unauthorized, the sale would not thereby be ratified.

To the instructions and rulings the defendants except, after verdict against them.

TENNEY, J., orally. — The instruction as to the demand was correct.

The defendants' counsel requested certain instructions. But the mere knowledge by the plaintiffs of the sale to the defendants, and their receipt from Getchell of money on account of the goods, would not necessarily be a ratification. The modi-

fication of requested instruction was rightfully made by the Judge.                                        *Exceptions overruled.*